UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK SAMUEL JOHNSON,

        Plaintiff,

v.

KALAMAZOO COUNTY JAIL et al.,

        Defendants.
_____/

Case No. 1:25-cv-183

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## Discussion

**I.**    **Factual Allegations**

Plaintiff is presently incarcerated at the Kalamazoo County Jail in Kalamazoo, Michigan. The events about which he complains occurred there. Plaintiff sues the Kalamazoo County Jail,

which he also refers to as the Kalamazoo County Sheriff's Office. (Compl., ECF No. 1, PageID.2.) He also sues the following Kalamazoo County Jail staff in their official capacities: Nurses Unknown McKenzie and Carrie, Head Nurse Shelly Lehman, and Sergeant Unknown Erdos. (*Id.*)[1]

Plaintiff alleges that on a number of occasions, "nursing staff" at the Kalamazoo County Jail have "overdosed [him] with medications [that Plaintiff] was prescribed by [his] doctor." (*Id.*, PageID.3.) Plaintiff contends that these overdoses have caused him to suffer mental impairment, seizures, pain and suffering, inconvenience, and nose bleeds. (*Id.*) Plaintiff contends that Defendants Carrie and/or McKenzie would prepare and pass out medications each morning and night, and that they gave Plaintiff "excessive meds that later caused [him] great anguish after taking." (*Id.*) Plaintiff contends that Defendants Carrie and McKenzie worked under Defendant Lehman's "tutelage." (*Id.*) Plaintiff tried to notify Defendant Erdos, but Plaintiff "was disregarded and made out to be a liar and troublemaker." (*Id.*)

Based upon the foregoing, Plaintiff sets forth violations of his Eighth and Fourteenth Amendment rights. (*Id.*) He seeks declaratory relief, as well as compensatory and punitive damages. (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

---

[1] In addition to the Defendants set forth above, within the body of his complaint, when setting forth his allegations, Plaintiff lists Sheriff Richard Fuller III, Captain Beers, and Lieutenants Faulk and Dziedzic. (Compl., ECF No. 1, PageID.3.) Plaintiff, however, did not name these individuals as Defendants in the caption of his complaint, nor did he list them on the page of the form complaint asking for the parties' information. The Court, therefore, does not construe these individuals to be Defendants in the above-captioned action. In any event, even if these individuals were Defendants in this suit, Plaintiff fails to state a claim against these individuals for the reasons discussed *infra*.

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As noted *supra*, Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights. (Compl., ECF No. 1, PageID.3.)

### A.  Claims Against the Kalamazoo County Jail/Kalamazoo County Sheriff's Office

As noted above, Plaintiff has sued the Kalamazoo County Jail itself, and also refers to the Kalamazoo County Sheriff's Office. The Kalamazoo County Jail, however, is a building that houses convicted prisoners and pretrial detainees; it is not a person and it "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *see also Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases that hold a local jail is not a person subject to suit under § 1983). For that reason alone, Plaintiff has failed to state a claim against the Kalamazoo County Jail.

Moreover, the Kalamazoo County Sheriff's Office is "subsumed within [Kalamazoo County] as . . . a municipal entity to be sued under § 1983." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (noting that sheriff's departments are part of a larger political subdivision and cannot be sued). Accordingly, any purported claims against the Kalamazoo County Sheriff's Department are also properly dismissed for failure to state a claim.

Instead, Plaintiff should have named Kalamazoo County as a defendant. *See, e.g.*, *Watson*, 40 F. App'x at 89 (noting that "[b]ecause the McCracken County Jail is a department of the county, the county is the appropriate party"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (stating that "[s]ince the [Jefferson County] Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint"). However, simply substituting Kalamazoo County for the jail and the sheriff's department would not change the result.

Kalamazoo County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489

4

U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, the county is liable only when an official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson*, 40 F. App'x at 89 (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department or jail. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, although Plaintiff's complaint describes potential wrongdoing that occurred at the jail by the sheriff's department staff, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Because Plaintiff fails to allege the existence of a policy or custom, Plaintiff has failed to state a claim against Kalamazoo County.

### B. Claims Against Defendant Erdos

Plaintiff contends that he tried to talk to Defendant Erdos, a sergeant at the Kalamazoo County, about his medical care and was "disregarded and made out to be a liar and troublemaker." (Compl., ECF No. 1, PageID.3.) As set forth above, Plaintiff has named Defendant Erdos in his official capacity only. However, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *See Matthews*, 35 F.3d at 1049. As discussed *supra*, Plaintiff has failed to describe any policy or custom maintained by Kalamazoo County that resulted in his injuries, and Plaintiff cannot maintain his suit against Kalamazoo County merely because it employed Defendant Erdos. For these reasons, Plaintiff's claims against Defendant Erdos will be dismissed.[2]

### C. Claims Against Defendants McKenzie, Carrie, and Lehman

Plaintiff contends that Defendants McKenzie and Carrie, nurses at the Kalamazoo County Jail, were responsible for giving him "excessive meds," and that they did so under Defendant Lehman's "tutelage." (Compl., ECF No. 1, PageID.3.) Plaintiff, however, has named Defendants McKenzie, Carrie, and Lehman in their official capacities only. It is unclear from Plaintiff's complaint whether Defendants McKenzie, Carrie, and Lehman are employed by Kalamazoo County itself or whether they are employed by a private entity that contracts with Kalamazoo County to provide healthcare to inmates at the jail. In any event, Plaintiff has failed to set forth a claim for relief against these individuals.

If Defendants McKenzie, Carrie, and Lehman are employed by a private entity that has contracted to provide healthcare services to Kalamazoo County Jail inmates, that entity can "be

---

[2] To the extent Plaintiff intended to name Sheriff Richard Fuller III, Captain Beers, and Lieutenants Faulk and Dziedzic as Defendants, this reasoning applies equally to any purported claims against them.

sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015). The private entity would "stand[] in the shoes of [Kalamazoo] County for purposes of § 1983 liability." *Shadrick*, 805 F.3d at 736. Therefore, the requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations).

As set forth above, Plaintiff has failed to state a claim against Kalamazoo County because he has failed to allege a policy or custom that caused his injury. Likewise, Plaintiff fails to state a claim against any third-party healthcare provider for the same reason. Accordingly, whether Defendant McKenzie, Carrie, and Lehman are employed by Kalamazoo County or a third-party provider, Plaintiff cannot maintain his suit against Defendants McKenzie, Carrie, and Lehman in their official capacities for the reasons set forth above, and such claims will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   March 14, 2025                         /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge